300 So.2d 540 (1974)
Roy J. MOURAS, Jr., et al.
v.
JEFFERSON PARISH SCHOOL BOARD.
No. 6333.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 1974.
Rehearing Denied October 9, 1974.
*541 Nathan Greenberg, Greenberg, Cohen & Dallam, Gretna, for plaintiffs-appellants.
Jack A. Grant, Gretna, for defendant-appellee.
Before REDMMANN and LEMMON, JJ., and BOURG, J. Pro Tem.
REDMANN, Judge.
Is a parish school board's reduction of the local salary supplement of public school principals a disciplining, removal or demotion prohibited by the teacher tenure law? The trial court answered no. We affirm.
In 1970, the Jefferson Parish School Board changed the annual contracts of principals and assistant principals in high schools and middle schools to provide employment with salary during 12 months, with paid vacation (rather than the previous 10 or 10½ months without paid vacation).
In June 1973 the school board reversed its 1970 action. The present suit by the principals and assistant principals resulted.
Plaintiffs argue that the teacher tenure law, La.R.S. 17:441-445, protects them from what amounts to a reduction in both total pay per year and rate of pay per month worked.
We agree with plaintiffs that their pay has been cut. But we find no applicable legislative proscription against reducing local supplemental pay. R.S. 17:422, authorizing local supplements, proscribes paying any teachers less than the 1955-1956 school term salary. R.S. 17:431 proscribes paying a principal or other administrative employee less than the previous year's salary, but only in parishes with a population over 500,000. R.S. 17:421 (perhaps speaking only of the state portion of teachers' salaries) proscribes salaries less than those of 1967-68. But none of these provisions is applicable to the reduction now in question. Rather than proscribe pay cuts in general, these three statutes disclose a legislative acknowledgment that teachers' pay may be reduced. If pay could not be reduced, the cited restrictions on reductions would be superfluous. Similarly R.S. 17:81, in prohibiting a one-time practice of sex differentials in salaries, adds a disclaimer of intent "to require or direct the reduction of any salary ...," again assuming that school boards have the power to reduce salaries.
We conclude that the board's power to "fix their salaries" under R.S. 17:81 includes the power to increase or decrease teachers' salaries, except insofar as R.S. 17:421 provides a "minimum salary schedule."
The authority to reduce salaries is not of itself inconsistent with the teacher tenure law's protection against a teacher's being improperly "disciplined, removed or demoted," R.S. 17:444.
The tenure law might protect an individual teacher from board action which reduced only that one teacher's pay, since such individual action could be an unwarranted disciplining. That, however, is not our case: here the entire categories of principals and assistant principals in high and middle schools have been reduced. (There is no suggestion that the board reduced all as a means of disciplining only one.)
Nor is our case one of removal or demotion. Each individual retains his same position. No one has been fired or assigned to a position of lower rank. R.S. 17:444 itself describes a teacher's being "promoted" as "moving such teacher from a position of lower salary to one [a position] of higher salary ...." (Emphasis added.) Demotion, for purposes of R.S. 17:444, must therefore be understood as a change from a position of higher salary to a position of lower salary. Just as a *542 general raise in salaries does not amount to a promotion of all principals, a general decrease in salaries is not a demotion.
But plaintiffs also urge that the reduction in principals' and assistants' pay without a corresponding reduction in classroom teachers' pay is unfairly discriminatory. We have previously noted that principals and assistants were alone given the increase in number of paychecks per year in 1970-1971 (in addition to their extra pay as principal or assistantas much as $475 a month more, in the largest schools, than classroom teachers of comparable education and experience). That they alone are affected by the reversal of that move is almost a logical necessity, rather than an illogical discrimination: it is not possible to reduce the number of extra paychecks of teachers who do not get extra paychecks. What is more significant is that the classification of teachers into principals and assistants as opposed to classroom teachers (and perhaps other categories) is a reasonable classification, not subject to judicial nullification as invidiously discriminatory. The classification was not arbitrary for purposes of increasing one class's pay and it is not arbitrary for purposes of decreasing that class's pay.
Whether public school principals may constitutionally be paid a different salary from that of classroom teachers (as authorized by R.S. 17:422, subd. A) is a question answerable by judges. We answer yes. Whether principals should be paid a premium of 10% of classroom teacher's salary, or 50%, or 80%, is not a question answerable by judges. We do not attempt to answer it. That is a question answerable by the school board or by the legislature.
The school board here has answered that the premium for principals and assistants will be less than it has been in three prior years. That decision is within their competence and power.
Other persons may disagree with the school board on what the salaries of principals should be, even recognizing that school board funds are limited. Some might believe it wiser to reduce classroom teachers' salaries, or to exercise other economies, in order to raise principals' pay. Indeed, some might prefer to reduce legislative appropriations for highways, in order to give all teachers some relief from the pay-cut which inflation has brought. But these are not judicial questions. We have not been elected to the legislature; we have not been elected to the school board. Our function is not to apportion funds, but to decide each case under the law, and to order whatever remedy the law provides.
There is no law that prohibits decreasing the salaries of one or more reasonably categorized classes of teachers (principals and assistants). We find no error in the trial court's rejection of plaintiffs' demand that the court order their salaries and paid vacations restored.
Affirmed.