PRICE, Judge.
Plaintiffs are tenured vocational agricultural teachers employed by the defendant, Caddo Parish School Board. In addition to the salary they received for the regular school session, they were paid a supplemental salary for work performed during the summer months. In June 1977, the Board, without conducting a hearing, changed the supplemental salary formula to conform to the minimum scale provided by state law. The effect of this new salary formula, which became effective on July 1, 1979, was that the increase in plaintiffs’ supplemental salary was not as large as it would have been under the previous formula. There was no change in plaintiffs’ job duties, titles, positions, or classifications. On June 27, 1980, plaintiffs filed this suit against defendant for the difference of what they would have received under the original formula and the amount they were actually paid. After overruling defendant’s exception of no cause of action, the trial court granted defendant’s motion for summary judgment. Plaintiffs appeal, contending the trial court erred in granting a summary judgment because there is a genuine issue of material fact as to (1) whether a change in salary formula without a corresponding change in positions, assignments, job duties, or responsibilities constitutes a “demotion” under La.R.S. 17:441 et seq.; (2) whether such a change constitutes a deprivation of property without due process of law. For the reasons assigned, we affirm.
The supporting affidavit of E. W. Thornton, assistant superintendent of Caddo Parish Schools in charge of personnel and administration, shows there had been no material change in the job assignments, duties, or descriptions for agriculture teachers since 1976. It further shows that plaintiffs’ salaries for each of the years during the period of 1976 through 1980 exceeded the minimum salaries required by state law. Plaintiffs filed no opposing affidavits.
La.R.S. 17:443 provides that a tenured teacher shall not be removed from office or disciplined without a hearing.
La.R.S. 17:444 prevents a tenured teacher from being disciplined, removed, or demoted except in compliance with the provisions of La.R.S. 17:443.
Plaintiffs contend that the reduced increase in their supplemental salary constitutes a demotion as intended by La.R.S. 17:444 because it is a change from a position of higher salary to a position of lower salary. Plaintiffs rely on the decision in Mouras v. Jefferson Parish School Board, *229 300 So.2d 540 (La.App. 4th Cir. 1974), writ denied 302 So.2d 619 (La.1974), as being favorable to their demand. Our interpretation of Mouras is to the contrary.
In Mouras the Jefferson Parish School Board reduced the local salary supplement of school principals. The principals argued that this was an improper demotion viola-tive of the teacher tenure law. The court concluded that the board’s authority to set teachers’ salaries under La.R.S. 17:81 includes the power to increase or decrease their salaries, except insofar as La.R.S. 17:421 provides a “minimum salary schedule.” The court held the reduction of salaries for an entire category of principals was not a demotion. We agree with the court’s decision in Mouras and find that it is dispos-itive of plaintiffs’ contention in this case. The unopposed affidavits filed by defendant show that the modified salary formula did not produce any change in job duties, titles, positions, or classifications. Both parties agree that the new supplemental salary structure complies with the minimum salary schedule required by state law. Defendant’s action affected an entire class of teachers and not merely one individual.
Plaintiffs’ allegation that they have been deprived of property without due process of law lacks merit. La.R.S. 17:81 authorizes the parish school boards to fix teachers’ salaries. Plaintiffs have no property right or interest in the continuation of the supplemental salary formula which existed prior to July 1, 1977.
For the reasons assigned, the judgment granting defendant’s motion for summary judgment is affirmed. All costs are assessed to plaintiffs.