MARVIN, Judge.
The Richland Parish Bus Drivers Association appeals a judgment rejecting its demands that the School Board allot more of its sales tax revenue to bus driver employees. The trial court found that the sales tax proposition vested discretion in the defendant school board to allocate the revenue and that the Board had not abused its discretion in allocating the revenue. We affirm.
The allocation of the sales tax revenue is made to two classes of employees, “certificated” and “non-certificated” personnel. The bus drivers do not hold teaching certificates. The Richland Parish Association of Educators intervened to join with the Board in opposing the claims of the plaintiffs.
The election was held in 1968 in accord with LRS 33:2737. The proposition basically provided for a one percent sales tax, the proceeds of which were to be used to supplement the salaries of school employees. After the proposition passed, the school board enacted an ordinance imposing the tax. The ordinance provides that after the tax has been collected and expenses incurred in collecting it have been paid, “... the remaining balance in the ‘School Board Sales Tax Fund’ shall be available for appropriation and expenditure by the Parish School Board ... solely for the purposes designated in the proposition authorizing the levy of the tax ...” The Board adopted an allocation formula on July 2, 1968.[1] The formula remained basically the same, with few minor changes, until October 17, 1978. The Association complains about the 1978 formula, which reads as follows:
“A. Non-Certificated Personnel:
Proceeds from the sales tax shall be paid to participating non-certificated personnel at the rate of six (6%) percent of base salary. If the sum of the allocations on the six (6%) percent factor is less than twelve (12%) percent of the net sales tax proceeds, then the difference shall be distributed equally at the end of the sales tax year.
“B. Certificated Personnel:
Proceeds shall be distributed in the amount of $1080.00 over a twelve (12) month period to all certificated personnel. At the end of the sales tax year the balance in the sales tax revenue account shall be distributed equally to all certificated personnel who had four years of experience at the beginning of the school year.”
The Association contends that the proposition should be construed to provide for pro rata apportionment according to each employee’s base salary and that the 1978 formula is in derogation of the proposition submitted to the voters in 1978. The Association assigns three errors related to: (1) the finding that the allocation of the proceeds is within the school board’s discretion, (2) the trial court’s failure to require the school board to follow the tax election proposition provisions, and (3) the finding of no abuse of that discretion.
The tax election proposition reads as follows:
“Shall the Parish School Board of Rich-land Parish, State of Louisiana, under the provisions of Act. No. 29 of the Extraordinary Session of the Legislature of Louisiana for the year 1964, be authorized to levy and collect a tax of one per cent (1%) upon the sale[1] of retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of service in said Parish, all as defined in R.S. 47:301 through 47:317, with the net proceeds of *698 the tax to be used exclusively to supplement other revenues available to the Richland Parish School Board for the payment of salaries of certificated teachers in the public elementary and secondary schools of said Parish and for payment of salaries to other personnel, namely: certificated persons, bus operators, lunchroom workers, maintenance workers, and secretaries, office and school?”
The proposition does not dictate how the school board should allocate the proceeds of the sales tax other than to specify whose salaries are to be supplemented. Since the. proposition does not specifically allocate the proceeds, the meaning of the proposition must be determined using general rules of statutory interpretation.
When a statute is clear and free from ambiguity it should be given a meaning in accordance with its common understanding. LSA-CC 13; Ouachita Parish School Board v. Ouachita, 362 So.2d 1138 (La.App. 2d Cir. 1978). LSA-R.S. 17:81 provides the general powers of school boards. One of these powers is to hire teachers and to fix their salaries. Other sections in Title 17 authorize the Board to hire other special employees such as bus drivers. Since it is the Board’s function to fix the salaries of school employees in general, the common understanding of the tax proposition should be that the Board should also have the discretion to allocate the proceeds of the sales tax to supplement such salaries.
Another rule of statutory interpretation is the doctrine of contemporaneous construction. This doctrine provides that when an administrative body has placed an interpretation upon a legislative enactment over a long period of time, that interpretation is entitled to great weight. A school board legislates and administers its policy. Ouachita Parish School Board, supra; Washington v. St. Charles Parish School Board, 288 So.2d 321 (La.1974).
From 1968 to the present, the defendant Board has interpreted the proposition as giving the Board discretion to allocate the proceeds from the tax revenue. In addition, the Board was responsible for submitting the proposition to the electorate in the beginning, and the Board is responsible to the electorate from time to time.
Considering the judgment below under these factors, we find that the trial judge did not err in finding that the proposition leaves the allocation of the proceeds to the discretion of the Board.
The Board also did not abuse its discretion by allocating 88 percent of the proceeds to certificated personnel and 12 percent of the proceeds to non-certificated personnel. Where an elected governing body is not restricted by law from exercising discretion in its actions, the actions of that body are presumed to have been made in good faith and in accord with law. Members of such a body are elected and are responsible to the will of the electorate. A court is justified in interfering with decisions of such a board only where it is clearly shown that the board has abused its legal authority and discretion. State v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153 (La.1943); Celestine v. Lafayette Parish School Board, 284 So.2d 650 (La.App. 3d Cir. 1973). This is especially true where the school board’s action is one of budgeting funds. See Kemp v. Jefferson Parish School Board, 305 So.2d 744 (La.App. 4th Cir. 1974), writ refused; Calloway v. Ouachita Parish School Board, 158 So.2d 360 (La.App. 2d Cir. 1963); and Mouras v. Jefferson Parish School Board, 300 So.2d 540 (La.App. 4th Cir. 1974).
Allocation formulas for similar tax revenues in other parishes were introduced at trial. While these formulas seem to be more favorable to non-certificated personnel than is the formula in this case, the margin of difference is too small to warrant a finding of an abuse of discretion on this basis. For example, the Franklin Parish School Board allocated its sales tax 80 per *699 cent to classroom teachers and 20 percent to all other employees. The difference is not so great when it is explained that the Franklin Parish allocation is made between classroom teachers and other employees, while the Richland Parish allocation is between certificated personnel, which includes persons other than classroom teachers, and non-certificated personnel. Some “certificated” employees are not classroom teachers.
In addition, this record shows that bus drivers work on the average of 1V2 hours a day while certificated personnel, including classroom teachers, often work in excess of seven hours a day. We do not find it unreasonable for the Board to allocate a larger share of the revenue to certificated personnel.
At appellant’s cost, the judgment is AFFIRMED.

. The pre-1978 formula read:
“A. Certified Personnel (teachers, supervisors, counselors, administrators)
No experience $800
1 year experience $700
2 years experience $600
3 years experience $500
4years experience and beyond — rate to be based on availability of funds when guaranteed schedules are met. (Certified personnel 0-3 years experience).
“B. Support personnel (bus operators, school lunch workers, custodians, maids, maintenance workers, clerical workers) a maximum of 6% of their present gross salary.