REDMANN, Chief Judge,
concurring.
Plaintiffs’ petition’s complaint is that, although previously they enjoyed 12-month contracts as teachers, they have now been tendered only nine-month contracts annually-
Disregarding the “waivers” as inadmissa-ble to deprive plaintiffs of any rights secured to them by the law, I nevertheless conclude that defendants have the authority to fix teaching terms at nine rather than 12 months, to reduce salaries, to limit “leave” to that of tenured teachers (none of whom can get paid leave during vacation time, any more than an ordinary employee can get paid leave on weekends), etc., and that none of these actions amounts to a demotion prohibited by the teacher tenure law. See Mouras v. Jefferson Parish Sch. Bd., 300 So.2d 540 (La.App. 4 Cir.1974), writ refused 302 So.2d 619 (La.1974).
Nor was there any showing, as charged, that 1970 salaries, protected by La.Acts 1970 No. 446 § 5 against reduction by the transfer from city to state control, were reduced by that transfer (or even that the 1979 reduction in 1979 salaries was a reduction “by the transfer”).
I therefore concur in affirming the dismissal of plaintiffs’ claims.