Dear Mr. Rouselle:
You have requested the opinion of the Attorney General concerning incentives given to teachers in certain school districts under the jurisdiction of the Plaquemines Parish School Board ("Board").
As set forth in your opinion request, the following supplemental "salary" schedule is in place in Plaquemine Parish:
 — There are Board owned housing units available to teachers at Port Sulphur High School, Boothville-Venice High School, and Buras High School for nominal rent. (Presently $75.00 to $130.00 per month for apartments is charged and $200.00 to $225.00 per month for houses).
 — Teachers at Port Sulphur, Boothville-Venice, and Buras who do not receive the benefit of this housing receive salary supplements. (Teachers at Boothville-Venice High School and Buras High School receive $60.00 per month and teachers at Port Sulphur High School and Phoenix High School receive $35.00 per month).
 — Two schools within the Plaquemines Parish school system receive no salary supplements, and board-owned apartments are not available. These schools are Belle Chasse High School and Belle Chasse Middle School.
You have stated that these "salary" supplements are given in order to attract teachers to these areas where there is a shortage of housing. Your opinion request asks us to address the validity of this "salary" supplement schedule as it is implemented by the Board at the present time.
LSA-R.S. 17:81 authorizes parish school boards to fix the salaries of the teachers they employ as long as the minimum salary schedule set for teachers, under LSA-R.S. 17:421.3, is followed. This includes the authority to pay supplemental salary to teachers from funds generated locally. LSA-R.S. 17:81(A) states in pertinent part:
 . . . The boards shall have authority to employ teachers by the month or by the year, and to fix their salaries provided that there shall be no discrimination as to sex in the fixing thereof and provided further that it is not the purpose of this section to require or direct the reduction of any salary, or salary schedule, presently in force. The boards shall see that the provisions of the state school law are complied with.
Additionally, the following statutes should be reviewed:
 LSA-R.S. 17:421.3D states
 Notwithstanding any other provision of law to the contrary, the funds of any parish or city school board used for supplemental salary to teachers shall continue to be paid to the teacher and shall not be redirected to any other purpose.
 LSA-R.S. 17:421.3 E(1) which states:
 On or before August 15, 1993, the amount of the annual salary paid to any teacher in any school year shall not be reduced below the amount of such salary paid during the previous school year, nor shall the amount of the annual salary paid to any teacher be reduced at any time during an academic year.
and LSA-R.S 17:421.3E(3) which states:
 The provisions of this Subsection shall not apply to the reduction of any local salary supplement funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained.
In Mouras vs. Jefferson Parish School Board 300 So.2d 540
(4th Cir. 1974) the Fourth Circuit concluded:
 . . . that the board's power to fix their [teachers'] salaries under 17:81 includes the power to increase or decrease teachers' salaries (supplemental pay) except insofar as R.S. 17:421 provides a `minimum salary schedule.' The court noted that there are various statutes that disclose a legislative acknowledgment that teachers' pay may be reduced.
The Court addressed the issue of whether the reduction of teachers' salaries is consistent with the teacher tenure law's protection against a teacher being improperly disciplined, removed or demoted. The Court stated that the
 . . . tenure law might protect an individual teacher from board action which reduced only one teacher's pay, since such individual action could be an unwarranted disciplining. That, however, is not our case here. The entire category in high schools and middle schools has been reduced. (There is no suggestion that the board reduced all as a means of disciplining only one).
Also, see Mitchell vs. Caddo Parish School Board415 So.2d 227 (2nd Cir. 1982) wherein the court held that a reduction in supplemental pay by a local school board to bring total pay into conformity with the state required minimum was legal as long as it applied to an entire class.
In the present case, all teachers at Port Sulpher High School, Boothville-Venice High School and Buras High school can either obtain housing through the Plaquemine Parish School Board for a nominal amount or can receive salary supplements. The teachers at Belle Chasse High School and Belle Chasse Middle School do not have the option of housing through the school board or a salary supplement. As you have indicated, these "salary supplements" are given in order to attract teachers to areas where there is a shortage of housing. Since school boards are at liberty to fix teachers salaries except insofar as LSA-R.S. 17:421.3 and since all teachers within each school are treated similarly, the teacher tenure law's protection against a teacher being improperly disciplined, removed or demoted has not been violated. Although all teachers' pay was reduced in the high schools and middle schools in the Mouras case, here it is apparent that the reduction of the teachers' pay is not a means of disciplining.
Therefore, it is the opinion of this office that the Plaquemines Parish School Board has the legal authority to offer teachers at certain schools within that district housing at a nominal rate as a salary supplement or a salary supplement itself, to attract teachers in areas where there is a shortage of housing. Since school boards are at liberty to fix teachers salaries, except the salary provided by the minimum salary schedule, and since it appears that all teachers within each school are treated similarly, no violation of the law has occurred.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 Beth Conrad Langston Assistant Attorney General
RPI/BCL/sc/opini32