Dear Mr. Lee:
You requested the opinion of this office concerning the use of the proceeds of a sales tax dedicated for garbage collection levied by the Parish of Avoyelles (the "Parish"). The proposition was approved in 1990 and states in pertinent part:
 "Shall the Parish of Avoyelles . . . be authorized to continue to levy and collect . . . a tax . . . with the proceeds of the Tax . . . to be dedicated and used for the purpose of providing garbage and waste collection, disposal and/or destruction (sic) for the Parish . . ."
A similar tax was continued by vote of the electorate in 2000 and the proposition states in pertinent part:
 "Shall the Parish of Avoyelles . . . be authorized to continue to levy and collect . . . a tax . . . with the proceeds of the Tax . . . to be dedicated and used, first, for providing garbage and waste collection and/or disposal for the Parish and, second, to the extent that said proceeds are not needed for such garbage and waste purposes, any lawful corporate purpose . . ."
You advised that under the existing plan, garbage is picked up for all residents with a seven bag limit per customer. This service is paid for from the tax proceeds at no further costs to the residents or businesses of the Parish. The residents, including businesses and public entities such as the Avoyelles Parish School Board (the "School Board"), must pay directly to the garbage company for any excess garbage pick-up beyond the seven bag limit.
The School Board contends that the tax proceeds should pay for all garbage pickup no matter the amount, or alternatively, the tax proceeds should pay for all garbage pickup for public bodies no matter the amount.
La.R.S. 33:2721.6(D)(5) provides with regards to sales taxes, in pertinent part, the following:
 "The proceeds of the tax shall be dedicated solely for the purposes approved by the electorate. . . ."
It has been consistently held by this office and the jurisprudence of this state that the scope of the authority for the expenditure of sales tax revenues is dictated solely by the proposition approved by the voters. Accordingly, the ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the tax. Police Jury of the Parish of Acadia v. All Taxpayers, et al., 95-145 (La.App. 3d Cir. 3/29/95), 653 So.2d 94, rehearing denied;Hodnett, et al. v. Monroe City School Board, et al., 270 So.2d 598
(La.App. 2d Cir. 1972); Watkins v. Ouachita Parish School Board,173 La. 259, 136 So. 591 (1931); La.R.S. 33:2723; La.R.S. 33:2714; La.R.S. 39:704; Op.Atty.Gen. Nos. 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
The purposes for which the tax proceeds may be used is set forth in proposition as "first, for providing garbage and waste collection and/or disposal for the Parish and, second, to the extent that said proceeds are not needed for such garbage and waste purposes, any lawful corporate purpose . . ." We find no mandate or direction as to whether the Parish should pay for weekly, bi-weekly, daily, one-bag, two-bag or seven-bag, etc. garbage collection and disposal. The determination of what garbage collection should be paid for rests with the Avoyelles Parish Police Jury in its discretion, provided that the use is in accordance with the proposition approved by the electorate. Op.Atty.Gen. Nos. 02-365, 01-269, 91-83. In State ex rel. Rathe v. Jefferson Parish School Board,206 La. 317, 19 So.2d 153 (1943), the Supreme Court said:
 "There is nothing more firmly established in law than the principle that, within the limits of their authority, the power and discretion of legally created governing boards is supreme. Their wisdom or good judgment cannot be questioned by the courts. Members of these boards are appointed or elected because of their peculiar fitness for the post. Judges are elected because of their legal knowledge and ability. They are not experienced in the business affairs of Parishes and municipalities . . . A presumption of legality and regularity attaches to the action of all government boards. It is only when it is clearly shown that the action of such a board is beyond its authority or is arbitrary, unreasonable, or fraudulent that a court is justified in interfering."
In Louisiana Association of Educators v. St. Tammany Parish SchoolBoard, 430 So.2d 1144 (La.App. 1st Cir. 1983), the plaintiffs attempted to compel a school board to allocate sales tax proceeds in the same percentage as had been suggested in information and advertisements circulated prior to the election. The court determined that where the tax proposition did not contain a specific allocation, it was within the discretion of the school board to determine how to allocate the proceeds of the tax.
In Richland Parish Bus Drivers Association, et al. v. Richland ParishSchool Board, et al., 420 So.2d 696 (La.App. 2d Cir. 1982), after a sales tax dedicated to supplement the salaries of school employees passed, the School Board adopted an allocation formula for the proceeds. Suit was filed challenging the allocation formula. The court found that since the proposition did not specifically allocate the proceeds, the meaning of the proposition must be determined using general rules of statutory interpretation, and stated in pertinent part as follows:
 "Another rule of statutory interpretation is the doctrine of contemporaneous construction. This doctrine provides that when an administrative body has placed an interpretation upon a legislative enactment over a long period of time, that interpretation is entitled to great weight. A school board legislates and administers its policy. Ouachita Parish School Board, supra; Washington v. St. Charles Parish School Board, 288 So.2d 321 (La. 1974).
* * *
 . . . Where an elected governing body is not restricted by law from exercising discretion in its actions, the actions of that body are presumed to have been made in good faith and in accord with law. Members of such a body are elected and are responsible to the will of the electorate. A court is justified in interfering with decisions of such a board only where it is clearly shown that the board has abused its legal authority and discretion. State v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153 (La. 1943); Celestine v. Lafayette Parish School Board, 284 So.2d 650 (La.App. 3d Cir. 1973). This is especially true where the school board's action is one of budgeting funds. See Kemp v. Jefferson Parish School Board, 305 So.2d 744
(La.App. 4th Cir. 1974), writ refused; Calloway v. Ouachita Parish School Board, 158 So.2d 360
(La.App. 2d Cir. 1963); and Mouras v. Jefferson Parish School Board, 300 So.2d 540 (La.App. 4th Cir. 1974)."
In answer to your question of whether the Avoyelles Parish School Board has to pay for excess garbage pickup beyond the seven bag rule or should the proceeds of the tax be used for all garbage collection in the parish no matter the amount, we believe that the answer to your question rests with the Police Jury. The Police Jury is vested with the authority and discretion to determine how to use the tax proceeds provided that the Police Jury acts in good faith and not arbitrarily or capriciously.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH