McClendon, j.
 

 12Plaintiffs, former employees of a parish school board, appeal a trial court’s ruling granting the board’s motion for summary judgment, finding that the school board did not abuse its authority and discretion in allocating surplus proceeds from a 1998 sales tax proposition. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 In 1998, the voters of East Baton Rouge Parish (EBR) approved a one-cent sales tax proposition, which dedicated 41% of the revenue to increase the compensation of teachers and other school board employees. The proposition approved by the voters read:
 

 For the purpose of assisting the East Baton Rouge Parish School Board (the “School Board”) in increasing compensation of the School Board’s teachers and other school system employees in the East Baton Rouge Parish Educational Facilities Improvement District, Louisiana (the “District”), as set forth in and subject to “A plan to improve Facilities/Technology, Discipline and Compensation in the East Baton Rouge Parish School System” (the “Plan”) approved by the School Board on August 13, 1998, shall the District, under La. R.S. 33:2740.35 and other constitutional statutory authority, be authorized to levy and collect a tax of [sic] not to exceed 40-1/100 of one percent (0.41%)(the “Tax”) upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use of consumption of tangible personal property and on sales of services in the District, all is defined in [La.] R.S. 47:301 through 47:317, for a period ending five (5) years from the Tax effective date, except that the sale at retail, use, consumption, and distribution, and storage for use or consumption of food and prescription drugs shall be exempted from the Tax, with Tax proceeds (after paying costs of collection and administration) to be dedicated for the purpose listed above?
 

 Following passage of the tax proposition, the EBR School Board increased the pay of its teachers and support personnel.
 

 Despite the pay increases, a surplus grew in the tax revenue fund. As a result of the surplus, the School Board decided to pay its employees a “supplement.” On November 11, 2002, the School Board voted to give certified employees $500 and support workers $300. Payment was made on December 17, 2002, to all employees employed as of November 15, 2002. One year later, on November 20, 2003, the School Board voted to give all employees $900. The IsSchool Board elected to make the payment on December 18, 2003, to all employees employed as of October 31, 2003.
 

 On April 13, 2004, plaintiffs, former employees in the EBR school system, filed suit seeking the supplemental pay. Plaintiffs alleged that although they were no longer employed by the School Board in 2002 and 2003 when the employment cutoff dates were set and the salary supplements were paid, they were entitled to receive the supplemental pay because they were employed when the tax was passed and collected.
 
 [1]
 

 
 *822
 
 On August 1, 2008, the plaintiffs filed a motion for summary judgment. On September 26, 2008, the School Board responded with its own motion for summary judgment, urging that that it acted within its discretion in determining the timing, method, and manner of the allocation of the sales tax proceeds.
 

 On October 17, 2008, the trial court signed a judgment granting the School Board’s motion for summary judgment and dismissing, with prejudice, all of the plaintiffs’ claims.
 
 [2]
 
 Plaintiffs have filed the instant appeal contending that the trial court erred in granting the School Board’s motion for summary judgment.
 

 STANDARD OF REVIEW
 

 Summary judgments are reviewed
 
 de novo
 
 on appeal, with the reviewing court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of |4Iaw.
 
 Louisiana Safety Ass’n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass’n,
 
 09-0023, p. 5 (La.6/26/09), 17 So.3d 350, 353. A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B);
 
 Costello v. Hardy,
 
 2003-1146, p. 8 (La.1/21/04), 864 So.2d 129, 137.
 

 DISCUSSION
 

 The proposition approved in the 1998 election constitutes a full and complete dedication of the avails or proceeds of the tax and its provisions shall control the allocation and expenditure thereof. LSA-R.S. 33:2723. The explicit wording of the tax proposition requires the School Board to use the tax proceeds to increase the compensation of teachers and other school system employees.
 
 See
 
 LSA-R.S. 33:2714.
 
 [3]
 
 However, while the proposition indicated that the funds would be utilized for increased compensation, it failed to specify the manner in which the School Board should determine the amount of compensation or the manner in which any potential surplus would be allocated.
 

 Plaintiffs aver that Louisiana law is silent on how the School Board should allocate the surplus funds, and contends that the court should proceed according to equity or under a theory of unjust enrichment to afford those persons employed at the time the surplus was accrued a share
 
 *823
 
 of the allocation of the surplus funds. Plaintiffs assert that the dates chosen by the School Board were arbitrary. They argue that a person employed initially on October 31, 2003 (the first day of work) could receive a supplement in December 2003, while a person who had been employed for several years over the course of the tax collection, but' whose last day of employment was on October 30, 2003, could not receive a supplement in December 2003.
 

 
 *822
 
 The ordinance imposing said tax, and any amendments thereto, shall specify the purpose or purposes for which said tax is imposed. The revenues derived from said tax shall be dedicated and used solely for said purposes.
 

 
 *823
 
 | ¿Louisiana Revised Statutes 17:81 provides school boards with authority and general powers to make rules and regulations for their own government:
 

 Each city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
 

 LSA-R.S. 17:81(C). One of those powers includes hiring teachers and fixing their salaries. LSA-R.S. 17:81(A)(1). Title 17 also authorizes the school boards to hire other support workers and fix their salaries.
 
 See
 
 LSA-R.S. 17:84 and 17:84.1. Since it is a school board’s function to fix the salaries of school employees in general, the common understanding of the tax proposition should be that a school board should also have the discretion to allocate the proceeds of the sales tax to supplement such salaries.
 
 Richland Parish Bus Drivers Ass’n v. Richland Parish Sch. Bd.,
 
 420 So.2d 696, 698 (La.App. 2 Cir.1982).
 

 In
 
 Richland Parish Bus Drivers Ass’n,
 
 the school board adopted an allocation formula for proceeds derived from a sales tax dedicated to supplement the salaries of school employees. Suit was filed to challenge the allocation formula with regard to its allocation of 80% of the sales tax to certified teachers and 20% to noncertified personnel. The court found that since the proposition did not dictate how the school board should allocate the proceeds of the sales tax, other than to specify whose salaries are to be supplemented, the proposition leaves the allocation of the proceeds to the discretion of the school board.
 
 Richland Parish Bus Drivers Ass’n,
 
 420 So.2d at 698. Given that the record reflected that noncertified personnel such as bus drivers work on the average of 1 1/2 hours a day while certificated personnel, including classroom teachers, often work in excess of seven hours a day, the appellate court could not find that school board abused its discretion by allocating a larger share of the revenue to certified personnel.
 
 Id.
 
 at 699.
 

 In
 
 Louisiana Ass’n of Educators v. St. Tammany Parish Sch. Bd.,
 
 430 So.2d 1144 (La.App. 1 Cir.),
 
 writ denied,
 
 435 So.2d 429 (La.1983), the plaintiffs attempted to compel a school board to allocate sales tax proceeds in fiaccord with the information and advertisements used in campaigning for passage of the tax. However, we determined that where the tax proposition did not contain a specific allocation, it was within the discretion of the school board to determine how to allocate the proceeds of the tax. A court is not permitted to substitute its discretion for that of the school board. Courts should not interfere with a school board’s management of school affairs, unless there is a clear showing of abuse of the authority granted to the board.
 
 Id.
 
 at 1150. The Louisiana Supreme Court in
 
 State ex. Rel Rathe v. Jefferson Parish Sch. Bd.,
 
 206 La. 317, 362-63, 19 So.2d 153, 167-68 (La.1943)(on rehearing), stated:
 

 It is indisputable that the jurisprudence of this State is settled beyond doubt that where a statute creates a Board and grants to it certain administrative and executive functions and responsibilities, the courts will not interfere with the
 
 *824
 
 bona fide judgment of the Board based upon substantial evidence. It is only where the complainant shows there has been an invasion of his rights by the Board exceeding its powers or doing him an injustice that the courts have set aside the actions of the Board[.]
 

 Because this court found that no abuse had been shown in the manner in which the school board allocated the proceeds of the tax, we affirmed the district court’s judgment dismissing plaintiffs’ demands.
 

 The proposition in the instant case indicated that the funds would be utilized for “increasing compensation of the School Board’s teachers and other school system employees” and the funds were used for that purpose. Plaintiffs do not dispute that they received a raise following the passage of the tax, but are challenging them failure to receive a “supplement” as a result of the surplus accumulated during their employment with the School Board. However, plaintiffs have failed to cite any legal authority that mandates that a surplus be paid in this manner.
 
 [4]
 

 17Because the proposition was silent as to the timing, method, and manner of payment, such was left to the discretion of the School Board. In support of its motion for Summary Judgment, the School Board introduced the affidavit of Charlotte Placide, the Deputy Superintendent for Operation and Budget Management of the EBR School System from June 2000 through May 2004, who attested that the distribution dates were determined once the annual financial audits were finalized, with a validation of available funds and with proper notification and approval of the
 

 Oversight Committee and the School Board. The School Board also introduced the affidavit of Conrad Chapman, a Certified Public Accountant who has worked with municipalities (including a school board) performing audits and other financial consulting matter, who attested that the School Board’s actions in determining when and to whom the salary supplement shall be allocated were consistent with accepted accounting practices and that nothing required that funds collected by virtue of a sales tax be distributed the same year in which they are collected.
 

 In granting the School Board’s motion for summary judgment, the trial court reasoned:
 

 [T]he cases I’ve looked at indicate I’m not permitted to substitute my opinion or discretion for that of the school board, and, probably more importantly, I’m not even, as a court, permitted to interfere with the school board’s management of the schools’ affairs absent what the jurisprudence holds is a clear showing of abuse of discretion and authority that’s been granted. And here, as I look at the information that has been provided to the Court, the inescapable conclusion I come to is that the record is void of evidence of abuse of discretion or authority on the part of the board. And to the contrary, I look to Ms. Placide’s affidavit and I look at Mr. Chapman’s affidavit, and they show the basis of the board’s decision to give the November 15, '02, and the October 31, '03, cutoff dates. I mean, this does not appear to be dates that they just pulled
 
 *825
 
 out of the air, but based on accounting and review of the funds on hand the appropriate time for that allocation of the surplus.
 

 We agree with the trial court’s analysis and find that the School Board provided a valid basis for its decision.
 
 [5]
 
 We also note that it would be difficult to require the IxSchool Board to locate former employees of the system in order to pay a supplement, assuming same is not constitutionally prohibited. Additionally, the tax was specifically designed to increase compensation of teachers and other system employees in an apparent effort to attract and keep qualified employees. Paying former employees a “supplement” would not serve this purpose, but rather would be similar to severance pay. Plaintiffs have not demonstrated any genuine issue that the School Board abused its authority and discretion in disbursing the surplus funds. Accordingly, the trial court properly granted the School Board’s motion for summary judgment.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the trial court’s judgment granting the motion for summary judgment filed on behalf of the School Board. Costs of this appeal assessed against the plaintiffs.
 

 AFFIRMED.
 

 [1]
 

 . On January 9, 2006, the trial court signed a judgment certifying this matter as a class ac
 
 *822
 
 tion, and designated two separate classes as follows:
 

 Those individuals employed by the East Baton Rouge Parish School Board from April 13, 2001 until November 15, 2005, who were either discharged, terminated or resigned or otherwise no longer employed by the EBR School Board on November 15, 2002 and who did not receive the supplement paid by the board in December 2002. (Subclass A)
 

 Those individuals employed by the East Baton Rouge Parish School Board from November 15, 2002 until October 31, 2003, who were either discharged, terminated, or resigned or otherwise no longer employed by the EBR School Board on October 31, 2003 and who did not receive the supplement paid by the board in December 2003. (Subclass B)
 

 [2]
 

 . The trial court denied plaintiffs’ opposing motion for summary judgment.
 

 [3]
 

 . Louisiana Revised Statutes 33:2714 provides:
 

 [4]
 

 . Plaintiffs point out that the Attorney General, in response to a request by a school superintendent under a different sales tax proposition, has opined that retired school system employees were entitled to their proportionate share of an approved sales tax because the retirees were still actively employed when the revenue was accumulated, but not collected.
 
 See
 
 La. Atty. Gen. Op. No. 91-439 (1991). However, we note that Attorney General opinions are merely advisory and not binding authority.
 
 See City of New Orleans v. Bd. of Directors of the Louisiana State Museum,
 
 1998-1170, p. 6, n. 11 (La.3/2/99), 739 So.2d 748, 753, n. 11.
 

 [5]
 

 . We note that our review on appeal of a summary judgment is
 
 de novo,
 
 and therefore the trial court's reasons or decision is not entitled to deference. However, our
 
 de novo
 
 review is fully in accord with the result reached by the trial court.