SAMUEL, Judge.
Plaintiffs in this action are principals or assistant principals of middle and high schools operated by Jefferson Parish School Board. They filed this suit against the Board for reinstatement to their income level, days worked and accrued vacation time as said benefits existed prior to the Board’s resolution of June 13, 1973 by which their working time and compensation for the 1973-74 school year were reduced.
The Board filed exceptions of no right or cause of action, lis pendens, res judica-ta, and collateral estoppel. The trial court maintained the exception of res judicata but only with respect to the plaintiffs who were also plaintiffs in the case of Mouras v. Jefferson Parish School Board.[1] All other exceptions were dismissed. After a trial on the merits, there was judgment in favor of the defendant dismissing plaintiffs’ suit. Plaintiffs have appealed. In this court, as they did in the trial court, they contend: (1) the Board’s resolution violates the Teacher’s Tenure Law; and *745 (2) the Board’s action was arbitrary, capricious and motivated by bad faith.
This is one of a series of cases involving the same School Board and basically the same issues. In Palone v. Jefferson Parish School Board [2] this court held, inter alia, that the Board’s policy against abolishment of the position of second assistant principals, which was offered at a substantial reduction in salary to the plaintiffs, was not arbitrary and capricious since its action saved $50,000 in an attempt to reduce a $5 million deficit experienced the previous year. We concluded the Board was only performing its duty to render the best possible service at the least possible expense to the taxpayers within the framework of the funds provided it by the taxpayers.
Next, in Mouras v. Jefferson Parish School Board[3] this court held that the Board had the power to increase or decrease teachers’ salaries, and this authority is not of itself inconsistent with the Teacher’s Tenure Law.[4] We conclude the Morir-ás case is determinative of the contention that the resolution of June 13, 1973 violated the Teacher’s Tenure Law.[5] There is no substantial difference between this case and Mouras, and consequently we hold Mouras to be controlling.
For similar reasons we conclude the Pa-lone case is determinative of the contention that the Board acted in an arbitrary and capricious manner and in bad faith. The Board suffered a deficit of $5 million for the 1972-73 fiscal year, and at the beginning of the 1973-74 fiscal year it had an approximate accumulated deficit of $2.4 million. The savings effected by the action complained of by the plaintiffs amount to more than $37,000.
Plaintiffs argue a savings of more than $37,000, as compared with the total Board budget of more than $45 million, is insignificant and was not a good faith economy measure. They contend that other actions by the Board, increasing its maintenance budget in excess of $240,000, increasing expenditures for instructional materials in excess of $900,000, and taking numerous other actions which cost the Board sums in excess of the $37,000 saving effected by the resolution complained of, negate the Board’s argument that its action with regard to the plaintiffs was a good faith economy measure.
As stated in Mouras, these are not judicial questions, and we are not a legislative body. The court’s function is not to budget funds, but to decide judicial questions presented for our consideration. The budgeting of funds is a matter within the sound discretion of the Board and we find no abuse of that discretion. As we concluded in Palone, we again conclude from the record in this case that the Board was attempting to perform its duty within its discretionary authority.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
MORIAL, J., concurs.

. 300 So.2d 540, La.App.

. 297 So.2d 208, La.App., writ granted, 299 So.2d 798, La.

. Supra, note 1.

. No allegation of bad faith was made in Mouras.

. R.S. 17:441-445.