# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 11-712

**SHERRY JULIAN-ROBINSON**

**VERSUS**

**LAFAYETTE PARISH SCHOOL BOARD**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20110363
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and J. David Painter, Judges.

**REVERSED AND REMANDED.**

**Brian Francis Blackwell**
**Blackwell & Associates**
**9270 Siegen Lane, Suite 201**
**Baton Rouge, LA 70810**
**(225) 769-2462**
**Counsel for Plaintiff/Appellant:**
**Sherry Julian-Robinson**

**Dawn L. Morris**
**Law Office of Dawn L. Morris**
**512 Johnston St.**
**Lafayette, LA 70501**
**(337) 704-2094**
**Counsel for Defendant/Appellee:**
**Lafayette Parish School Board**

**Ezell, Judge.**

Sherry Julian-Robinson appeals the decision of the trial court granting an exception of no cause of action in favor of the Lafayette Parish School Board (LPSB). The trial court held that Mrs. Julian-Robinson was not able to state a cause of action under La.R.S. 17:444 in her action seeking a writ of mandamus against the LPSB. We disagree and, for the following reasons, reverse and remand this matter back to the trial court below.

Mrs. Julian-Robinson is a tenured teacher in the Lafayette Parish school system. She was promoted to assistant principal of Live Oak Elementary in 2006 and has remained in that position ever since. Her initial promotional contract was for two years as required under La.R.S. 17:444. Her contract was renewed in 2008, again for the proper two-year time period. However, during the 2009-2010 school year, her superintendent recommended that her second renewal contract be for only one year, as a result of several areas listed as "need[ing] improvement" on her performance evaluation for that year. The LPSB accepted the superintendent's recommendation, renewing her contract for only one year.

Mrs. Julian-Robinson subsequently filed a writ of mandamus, claiming that the LPSB was legally obligated to renew her contract for a minimum of two years under La.R.S. 17:444. In response, the LPSB filed an exception of no cause of action, claiming that La.R.S. 17:444 is so ambiguous that a writ of mandamus could not be ordered. The exception was granted. From that decision, Mrs. Julian-Robinson appeals.

Mrs. Julian-Robinson asserts three assignments of error on appeal. She claims that the trial court erred in granting LPSB's exception of no cause of action; that the trial court erred in finding that La.R.S. 17:444(B)(4)(a)(i) did not apply to renewal contracts, but initial promotional contracts only; and that the trial court erred in failing

to issue a writ of mandamus ordering the LPSB to issue her a renewal contract for a term of no less than two years.

Because the proper interpretation of a statute is necessarily a question of law, we apply a de novo standard of review. *See Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.,* 06-582 (La. 11/29/06), 943 So.2d 1037.

A writ of "mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed." *Bonvillian v. Dep't of Ins.,* 04-332, p.4 (La. App. 1 Cir. 2/16/05), 906 So.2d 596, 599, *writ not considered,* 05-776 (La. 5/6/05), 901 So.2d 1081. Further:

> A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. LSA-C.C.P. art. 3863. However, a writ of mandamus may only be issued in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. LSA-C.C.P. art. 3862. In mandamus proceedings against a public officer involving the performance of official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform. *Plaisance v. Davis,* 2003-0767, p. 11 (La.App. 1st Cir.11/07/03), 868 So.2d 711, 718, *writ denied,* 2003-3362 (La.2/13/04), 867 So.2d 699.

*Id*. at 598. Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. *Allen v. St. Tammany Parish Police Jury,* 96-938 (La.App. 1 Cir. 2/14/97), 690 So.2d 150, 153, *writ denied,* 97-599 (La. 4/18/97), 692 So.2d 455.

The trial court ruled that La.R.S. 17:444 was ambiguous as to the length of renewal contracts, thereby precluding it from issuing a writ of mandamus against LPSB in an area wherein it may be afforded discretion. We disagree.

Louisiana Revised Statutes 17:444 states in pertinent part (emphasis added):

> (4)(a)(i) Except as provided otherwise by R.S. 17:54(B), relative to the maximum term of a superintendent of schools elected by a city or parish school board, **the employment provided for in this Section *shall be for a term of not less than two years,*** except when such employment is for a temporary position, nor more than four years, and said term shall be specified in a written contract, which shall contain performance objectives.

While the statute goes on to state that "[t]he board and the employee may enter into subsequent contracts of employment" and that "[t]the board shall negotiate and offer a new contract at the expiration of each existing contract," that language in no way negates the prior dictate that all contracts *shall* be for a minimum of two years. While the LPSB may have discretion in negotiating contract lengths for terms between two and four years, that discretion simply does not extend to allow it to offer a contract for a term of less than two years. Any new, renewal, or other following contract should have been for two to four years as mandated by La.R.S. 17:444. *See Smith v. Ouachita Parish Sch. Bd.,* 29,873 (La.App. 2 Cir. 9/24/97), 702 So.2d 727, 733, *writ denied*, 97-2721 (La. 1/16/98), 706 So.2d 978.

Accordingly, Mrs. Julian-Robinson has clearly stated a cause of action against LPSB and the trial court was incorrect in ruling otherwise. Therefore, we hereby reverse the decision of the trial court and remand this case for further proceedings in accordance with our rulings. For the above reasons, the ruling of the trial court is hereby reversed. These proceedings are remanded to the trial court. Costs of this appeal are assessed against the LPSB in the amount of $361.72.

**REVERSED AND REMANDED.**