# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-585

## JAN AILLET AND MARILYN DOUCET

## VERSUS

## LAFAYETTE PARISH SCHOOL BOARD

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20125668
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and John E. Conery, Judges.

**AFFIRMED.**

**Jon Keith Guice**
**Linda Kay Ewbank**
**Hammonds, Sills, Adkins, & Guice, L.L.P.**
**1881 Hudson Circle**
**Monroe, LA 71201**
**(318) 324-0101**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lafayette Parish School Board**

**Andrew J. Halverson**
**Milling Benson Woodward, L.L.P.**
**P. O. Box 51327**
**Lafayette, LA 70505-1327**
**(337) 232-3929**
**COUNSEL FOR PLAINTIFFS/ APPELLEES:**
    **Jan Aillet**
    **Marilyn Doucet**

**GREMILLION, Judge.**

In this teachers' salary and back-pay dispute, the Lafayette Parish School Board (LPSB) appeals the grant of the Motion for Summary Judgment filed by the plaintiffs/appellees, Jan Aillet and Marilyn Doucet. For the reasons that follow, we affirm.

## FACTS

The facts of this matter are not disputed. The school board chartered Charter High School (Charter). Charter was a school that held session from 2:00 to 9:00 p.m. and catered to extremely at-risk students, many with children, some homeless. In 2006, Mrs. Aillet began working at Charter half-time as a librarian, except during summers, when she worked at Charter full-time. She continued to work there half-time until 2010, when she began working there full-time following the closure of the other school at which she worked half-time. Her compensation at Charter was based upon a 244-day school year for which she was paid $328.29 per day.

Mrs. Doucet moved to the Lafayette Parish School System in 2005 after many years teaching English in the Avoyelles Parish Schools. She began at Charter upon moving to the Lafayette System. Her compensation was based upon a 244-day school year as well, earning $298.08 per day.

Charter, though, was closed by the school board in 2012. The faculty and staff were informed of this change in meetings with school board personnel. Mrs. Aillet was reassigned from Charter to Lafayette High School (LHS). Her compensation there was based upon a 182-day school year at $330.85 per day. Mrs. Doucet, who was reassigned to N.P. Moss Preparatory, began being

compensated on the same basis at $308.30 per day. Both filed suit against the school board and asked for back pay and reinstatement of their 2011 salaries.

Both sides of the dispute filed motions for summary judgment. Both motions relied upon the same three exhibits: the depositions of Mrs. Aillet and Mrs. Doucet and the affidavit of Mr. Bruce Leininger, the LPSB Director of Human Resources. The trial court heard argument in this matter and ruled in favor of Mrs. Aillet and Mrs. Doucet. LPSB was ordered to reinstate their 2011-2012 salaries and pay back-pay retroactive to the beginning of the 2012-3013 school year.

LPSB assigns the following as errors:

> A. The district court erred by finding that Appellant's actions were a violation of Louisiana Tenure Law (and Louisiana Revised Statutes 17:418) thereby entitling [Appellees] to pay for months not worked.

> B. The district court erred by rendering a judgment, the effect of which violates the Article 7, Section 14 of the Louisiana Constitution's prohibition against the donation of public funds.

### DISCUSSION

Because this matter comes before us on summary judgment, we will briefly review the standards we, as an appellate court, are to employ:

> Courts of appeal review summary judgments de novo applying the same analysis as the trial court. *Schroeder v. Bd. of Supervisors of La. State Univ.,* 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966 provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie,* 98–2821 (La.9/8/99), 744 So.2d 606.

*Berard v. Home State County Mut. Ins. Co.*, 11-1372, p. 2 (La.App. 3 Cir. 5/9/12), 89 So.3d 470, 471-72.

The laws governing teacher tenure are found in Title 17 of the Louisiana Revised Statutes. Mrs. Aillet and Mrs. Doucet maintain that the school board violated La.R.S. 17:418(C)(1)[1] by reducing their salaries. LPSB maintains that the salaries are subject to reduction by virtue of La.R.S. 17:444.[2]

Louisiana Revised Statute 17:418(C)(1) provides:

> C. (1) The amount of the annual salary paid to a teacher or other school employee in any school year shall not be reduced below the amount of such salary paid during the previous school year, nor shall the amount of the annual salary paid to such school personnel be reduced at any time during an academic year.

Thus, according to the appellees' argument, their salaries could not be reduced from their salaries in 2011.

Louisiana Revised Statute 17:444 provides, in pertinent part:

> B. (1) Whenever a teacher who has acquired tenure, as set forth in R.S. 17:442, in a local public school system or the special school district is promoted by the superintendent by moving such teacher from a position of lower salary to one of higher salary, such teacher shall not be eligible to earn tenure in the position to which he is promoted, but shall retain any tenure acquired as a teacher, pursuant to R.S. 17:442.

LPSB argues that the pay of the appellees can be reduced because they had acquired tenure at lower salaries and are therefore not eligible for tenure at the higher-salaried positions.

This situation poses a serious conflict between two statutes. "Words and phrases shall be read in context and shall be construed according to the common and approved usage of the language." La.R.S. 1:3. "Laws on the same subject

---

[1] Added by 2012 Louisiana Acts No. 1, effective July 1, 2012.
[2] Amended by 2012 Louisiana Acts No. 1, effective July 1, 2012.

matter must be interpreted in reference to each other." La.Civ.Code art. 13. When possible, laws that conflict should be construed together to harmonize them. *Killeen v. Jenkins*, 98-2675 (La. 11/5/99), 752 So.2d 146. We are also mindful of the principle that a statute that specifically covers a subject take precedence over one that generally applies. *Delahoussaye v. Thibodeaux*, 498 So.2d 1137 (La.App. 3 Cir. 1986), *writ denied*, 501 So.2d 236 (La.1987).

LPSB cites two cases for the court to consider. In *Kemp v. Jefferson Parish School Board*, 305 So.2d 744 (La.App. 4 Cir. 1974), *writ denied*, 309 So.2d 346 (La.1975), the school board reduced the salaries and working hours of several principals and assistant principals. The plaintiffs, who had been adversely affected by this reduction and the concomitant reductions in salary, sought reinstatement. The fourth circuit held, based on its earlier ruling in *Mouras v. Jefferson Parish School Board*, 300 So.2d 540 (La.App. 4 Cir.), *writ denied*, 302 So.2d 619 (La. 1974), that this action did not violate the teachers' tenure laws.

The problem with *Kemp* and *Mouras* is that those cases relied on earlier versions of both the teachers' salary law and teachers' tenure law. The statutes governing teacher pay, which had formerly been scattered among several sections of Title 17, was amended by 2012 Louisiana Acts No. 1, effective July 1, 2012, after the appellees' causes of action arose, and redesignated them as La.R.S. 17:418. The act also comprehensively restructured the concept of teachers' tenure. Particularly in the context of teacher pay, the *Mouras* decision no longer comports with the statutory law applicable to this case, as it was based on two statutory provisions, La.R.S. 17:81 and La.R.S. 17:421. Section 81 provides for the general powers of local public school boards, including the right to hire teachers by the month or by the year and to fix their salaries. La.R.S. 17:81(A)(2). This provision

4

was not changed by the 2012 act. Section 421 enacted a minimum salary schedule for teachers. That provision has been repealed and replaced with La.R.S. 17:418(A)(1), which places the onus of establishing a minimum salary schedule on the individual school board.

The fourth circuit reasoned, by virtue of these two provisions, that the reduction of the plaintiffs' salaries was not inconsistent with the tenure laws. It went on to say, in dicta:

> The tenure law might protect an individual teacher from board action which reduced only that one teacher's pay, since such individual action could be an unwarranted disciplining. That, however, is not our case: here the entire categories of principals and assistant principals in high and middle schools have been reduced. (There is no suggestion that the board reduced all as a means of disciplining only one.)

*Mouras*, 300 So.2d at 541.

However, La.R.S. 17:418(C)(1), as we have previously pointed out and as Mrs. Aillet and Mrs. Doucet have argued, provides that a teacher's salary cannot be reduced below her previous year's, subject to certain exceptions. According to Section 418(C)(3):

> The limitations on the reduction in the amount of the annual salary paid to teachers and other school employees shall not be applicable to:
>
> (a)The correction of any accounting errors or to a reduction necessitated by the elimination of a state program or state funding.
>
> (b) The reduction of any local salary supplement funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained.
>
> (c) A teacher or other school employee who has been promoted to a position of higher salary is demoted in accordance with applicable law and local board or special school district policy to a lower position. In such case, the teacher or other school employee shall return to the salary previously received in the lower position from which he was promoted.

LPSB's argument rings hollow in Mrs. Doucet's case, as her only position in the system—until the closure of Charter, that is—was a twelve-month post at Charter. Accordingly, her employment at Charter was not a promotion from a lower-paying position to a higher-paying one.

Also in play in this matter, though, is La.R.S. 17:444, entitled "Promotions to and employment into positions of higher salary and tenure." This statute governs the relationship between the school system and employees, like Mrs. Aillet, who are promoted from lower-paying positions to higher-paying positions. Teachers who are so promoted cannot acquire tenure in the higher-paying position. However, the statute balances that ineligibility with certain safeguards. Such a promotion is subject to a contract term of not less than two years. La.R.S. 17:444(B)(4)(a)(i). Further, the school board and the teacher may enter into subsequent contracts, and the statute mandates that "[n]ot less than one hundred and twenty days prior to the termination of such a contract, the superintendent shall notify the employee of termination of employment under such contract, or in lieu thereof the board and the employer [sic.] may negotiate and enter into a contract for subsequent employment." La.R.S. 17:444(B)(4)(c)(i). No such notice was given to Mrs. Aillet, who was promoted from a lower-paying position to a higher one. Additionally, this court has previously held that a teacher so promoted, according to the dictates of Section 444(B)(4)(a)(i) is entitled to a renewal of her contracts for not less than two years, entitling her to mandamus relief should the school board choose to renew her contract for a shorter term. *See Julian-Robinson v. Lafayette Parish School Bd.*, 11-712 (La.App. 3 Cir. 11/2/11), 76 So.3d 656, *writ denied*, 11-2643 (La. 2/10/12), 80 So.3d 479. Section 444 is intended to

6

protect teachers from exactly the sort of actions taken by the LPSB in this case. Accordingly, we find no merit in this assignment of error.

The board also argues that the trial court's order violates the Louisiana Constitution, Article VII, Section 14, which reads:

> Section 14. **(A) Prohibited Uses.** Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Except as otherwise provided in this Section, neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.

The purpose of this provision is to end the old practice of the legislature to pledge state credit to aid private enterprise, and "to protect the electorate from the possibility that a politically powerful individual or interest could importune the legislature or other governmental entity into making a donation of assets of the State." *In re Members of Class of Descendants of Former Owners of Cheniere Ronqillo*, 01-1548, p. 4 (La.App. 4 Cir. 4/24/02), 817 So.2d 324, 327, *writ denied*, 02-1448 (La. 9/20/02), 825 So.2d 1170, and *writ denied*, 02-1454 (La. 9/20/02), 825 So.2d 1171; *Caldwell Bros. v. Bd. of Sup'rs of La. State Univ. and Agric. and Mech. Coll.*, 176 La. 825, 147 So. 5 (1933).

The school board cites for authority the case of *Varnado v. Hospital Serv. Dist. No. 1 of the Parish of Assumption, State of Louisiana*, 98-468 (La.App. 1 Cir. 4/1/99), 730 So.2d 1066. In *Varnado*, Assumption General Hospital entered into a contract with the plaintiff for services as a psychiatric nursing consultant and as hospital administrator, for which he was to be compensated at $76,000.00 per year plus thirteen percent of total revenues generated in excess of the revenue receipts. The Hospital Service District, which took over the operation of the hospital,

terminated plaintiff's employment. Plaintiff sued for recovery of the thirteen-percent bonus. The court of appeal held that this:

> was not based upon the services provided only by plaintiff, but the increased revenues were based upon the performance of other individuals in the entire hospital. In addition, this compensation was for the normal duties plaintiff's salary contractually required him to complete; no extra duties beyond his regular duties were required. Therefore, the revenue-enhancement compensation was a bonus payment, which is specifically prohibited under Constitution article VII, section 14(A).

*Id.* at 1068.

LPSB also cites Louisiana Attorney General opinions that opined that pay to school board employees for work not actually performed and to bus drivers for miles they did not actually drive violated the state constitution. *See* La. Atty. Gen. Op. Nos. 05-0448 and 39-1994. Thus, to compensate the plaintiffs on a twelve-month basis for nine months' work is prohibited by Louisiana Constitution Art. VII, § 14.

We reject LPSB's interpretation of Art. VII, § 14. Taken to its logical extreme, such an interpretation would invalidate La.R.S. 17:444 in its entirety. This argument stands wholly upon the board's definition of the appellees' compensation being based upon nine months' work. Conversely, if the argument is framed in terms of the appellees' salary, as specified in La.R.S. 17:444, or "annual salary" as specified in La.R.S. 17:418, the board's argument that appellees failed to earn their contractually-agreed salaries falls. No question has been raised about appellees having performed at any level less than LPSB demanded under their contracts.

This assignment of error is without merit.

8

Lafayette Parish School Board's assignments of error are rejected. The judgment of the trial court is affirmed. All costs of this appeal, in the amount of $842.64, are taxed to defendant/appellant, Lafayette Parish School Board.

**AFFIRMED.**